**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALBERTINA DONALDSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Plaintiff Demands |
| CHAMBERLAIN COLLEGE OF NURSING; | ) | Trial By Jury |
| DEVRY EDUCATION GROUP; ADTALEM | ) | |
| GLOBAL EDUCATION INC.; SUSAN KING, | ) | |
| in her individual capacity; and MARY HANNAN, | ) | |
| in her individual capacity, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Albertina Donaldson, Ph.D., by and through her attorneys, Elaine K.B. Siegel & Associates, P.C., complains as follows against Chamberlain College of Nursing ("Chamberlain"), Adtalem Global Education, Inc. ("Adtalem"), DeVry Education Group ("DeVry"), Dr. Susan King, in her individual capacity, and Mary Hannan in her individual capacity.

## PARTIES

1.      Plaintiff Albertina Donaldson, Ph.D. is a resident of the County of Cook, State of Illinois.

2.      Defendant Adtalem, is the holding company of both Defendant DeVry and Chamberlain College of Nursing, and has offices in and does business in the County of Cook, State of Illinois.

3.      Defendant DeVry, is a private institution of higher education, which has an office in and does business in the County of Cook, State of Illinois.

4.      Defendant Chamberlain College of Nursing ("Chamberlain CON") is a private institution of higher education, which has its principal office in the County of DuPage, Illinois and does business in the County of Cook, State of Illinois.

1

5.      Defendant Dr. Susan King, in her individual capacity, is employed by Defendant Chamberlain CON as President of the Chicago Campus, has an office in and does business in the County of Cook, State of Illinois.

6.      Defendant Mary Hannan, in her individual capacity, is employed by Defendant Chamberlain CON as Associate Dean of Faculty, has an office in and does business in the County of Cook, State of Illinois.

## JURISDICTION AND VENUE

7.      All of the relevant actions complained hereof took place in the County of Cook, State of Illinois.

8.      This is an action for damages seeking to enforce rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e *et seq.*, Title VI of the Civil Rights Act of 1964, 42 U.S.C.§ 2000d *et seq.,* the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C.§ 621, the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.*, and 42 U.S.C. § 1981.

9.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, § 1343, and §2201. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367, over the state law claim of Count VI because the state law claim is based upon the same nucleus of operative facts as the federal claims, and because the exercise of supplemental jurisdiction would further judicial economy and the ends of justice.

10.     Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391, in that the Plaintiff resides, and the Defendants reside, have offices and/or do business in the Northern District of Illinois, Eastern Division, in Cook County, Illinois, and the causes of action arose here.

## FACTS

11.     Plaintiff Donaldson is a 58-year-old African American woman, currently employed as an

Administrative Nursing Supervisor at Chicagoland Hospital.

12. On February 15, 2015, Defendant Chamberlain CON hired Plaintiff as the Lead Faculty Member for the Coaching Department.

13. Chamberlain CON is a for-profit institution, charging students for tuition.

14. Plaintiff was tasked with identifying high risk students on campus and developing programs and activities to help them succeed at Chamberlain CON. Plaintiff was hired, but was given no training, and was thrown into a disorganized department, whose reorganization she commenced.

15. On or around March of 2015, Plaintiff complained to Susan King (Caucasian, over 40, no known disabilities) that Plaintiff's support staff was not adequately doing their job. Support staff consisted of two persons, a Caucasian female, who was also friends to Susan King, and an African American female.

16. On or around April 2, 2015, both support staff personnel were terminated from their positions due to the Plaintiff's comments about their performance.

17. Chamberlain CON failed to replace the staff, and for 7-8 months Plaintiff was left to run the department alone, a three person job.

18. Plaintiff told Susan King and Mary Hannan (Caucasian, age unknown, no known disabilities) that she had no support, no training, and no help in the Department, but they failed provide the support needed to run the Coaching Department efficiently.

19. As a result of Plaintiff's report that Susan King's friend was not performing satisfactorily, Ms. King began mistreating Plaintiff.

20. Ms. King failed to provide necessary support and assistance, excluded Plaintiff from vital meetings, and held unrealistic expectations of Plaintiff's role in a department meant to be run by

3

three people.

21.    Adam Haley, a young white male, was later hired to assist Plaintiff. He received substantial training for his position, which Plaintiff did not.

22.    Due to the lack of support and mistreatment, Plaintiff transferred to an Associate Professor Position at Chamberlain CON. As an Associate Professor, Plaintiff taught Transition in Nursing. Again, Plaintiff did not receive the same training as her non-African American colleagues.

23.    Plaintiff observed that students admitted to Chamberlain CON, who typically were tuition paying, were not adequately qualified for the nursing program. Plaintiff, and her fellow colleagues, reported that Chamberlain CON improperly admitted students with low GPAs and low entrances scores, who were unsuccessful in their courses. Complaints were made to Dean Annmarie Munana (Hispanic, over 40, no known disabilities), Dean Yvonne Foston (African American, over 40, no known disabilities), and Dean Lee Erickson (over 40, Caucasian).

24.    Defendants retaliated against Plaintiff, but not her non-African-American colleagues, for expressing her views.

25.    Plaintiff was not given training equivalent to her non-African-American colleagues when she became an Associate Professor, she was not updated on issues expressed by students, and was excluded from important meetings regarding her students.

26.    Despite not receiving equivalent training, and exclusion from pertinent meetings, Plaintiff was able to meet her goals, and aid students to successfully complete the program.

27.    Throughout Plaintiff's employment, Susan King and Mary Hannan, continually singled out Plaintiff, subjecting her to discriminatory treatment and retaliation.

28.    Plaintiff suffered discrimination and retaliation in one or more of the following ways:

      a.   Plaintiff's first and second annual evaluation were pretextual, misleading, and

4

based on pretextual information;

b. Defendant Chamberlain CON improperly evaluated Plaintiff's performance based on the comments of four (4) disgruntled students, where Plaintiff had sixty (60) students in her class at the time, fifty-six (56) students did not submit evaluations. The Defendants failed to share with Plaintiff the four (4) evaluations on which her performance evaluation was purportedly based on.

c. Defendants claimed that the Plaintiff did not meet expectations when she indeed did;

d. Plaintiff was penalized for using academic resources supplied by the University, when these resources were in fact encouraged by administration; and,

e. Plaintiff was penalized for cancelling class in emergency situations when other non-African American professors frequently cancelled class without notification.

29. On or around February 26, 2016, Plaintiff complained to Human Resources about the discrimination and retaliation that she endured.

30. Defendants failed to redress her complaints.

31. On October 21, 2016, Plaintiff filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on age, race, age, and retaliation. *See* Exhibit A, attached hereto.

32. On June 9, 2017, Plaintiff was placed on a Performance Improvement Plan (PIP), purportedly because she received too many complaints. This explanation was false and pretextual, as the PIP was implemented in the clinical setting, where Plaintiff had not received any complaints.

The students in her class and her Preceptor were appreciative of Plaintiff's abilities and skills.

33.     On or about June 19, 2017, Plaintiff was removed from classroom teaching assignments without the opportunity to implement the PIP.

34.     On August 28, 2017, Plaintiff was terminated from her position as Professor.

35.     On information and belief Plaintiff's successor was under 40, Caucasian, and less qualified than Plaintiff.

36.     On information and belief, other African American staff at Chamberlain CON have been discriminated against in the same manner as Plaintiff.

37.     On January 16, 2018, the EEOC issued a Notice of Right to Sue.  *See* Exhibit B, attached hereto.

**COUNT I**
**DISCRIMINATION BASED ON RACE**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000d, *et seq.***
**AGAINST DEFENDANTS CHAMBERLAIN CON, ADTALEM, & DEVRY**

1-36.   Plaintiff restates and realleges paragraphs 1-36 above, as if fully set forth herein.

38.     All actions took place on Chamberlain CON's campus located in the County of Cook, State of Illinois.

39.     Plaintiff is an African-American female, age 58.

40.     The Plaintiff was qualified for the position and remains qualified for the position of Associate Professor.

41.     Throughout her time at Chamberlain CON, despite the lack of resources enjoyed by her non-African-American peers, Plaintiff performed her job satisfactorily, Defendants' contrary allegations notwithstanding.

42.     Through the actions alleged hereinabove, Plaintiff was subject to disparate evaluations,

was disciplined more severely, and was treated less favorably than similarly situated non-African American staff members, including, but not limited to, the following:

a.  Plaintiff was given false negative and pretextual evaluations from her supervisors, Susan King and Mary Hannan;

b.  Plaintiff's complaints of harassment and discrimination were improperly investigated and ignored;

c.  Plaintiff was not given the academic support and training that similarly situated non-African American staff members received;

d.  Plaintiff was also required to come to campus on the weekend at six in the morning to lead a workshop. No other teachers had the same requirements.

e.  Plaintiff used Chamberlain CON supplied resources for examinations and was reprimanded for doing so when it is expected of other teachers.

f.  Yvonne Foston placed Plaintiff on a PIP. Plaintiff was singled out and penalized for not completing tasks that Professors do not have to do and tasks that other Professors are not expected to do.

g.  Non-African-American colleagues, who did not engage in protected activity, were treated more favorably than Plaintiff;

h.  Plaintiff was reprimanded for not working on holidays that are sanctioned by the University;

i.  Plaintiff was highly scrutinized in a manner dissimilar to similarly-situated non-African American faculty; and,

j.  Plaintiff was terminated by Chamberlain CON.

43.     On information and belief Plaintiff's successor was under 40, Caucasian, and less qualified

than the Plaintiff.

44.     Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

45.     Plaintiff has been discriminated against as a result of her race, African-American.

46.     As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, monetary loss, reputational loss, and the destruction of opportunities for advancement in academia.

47.     Plaintiff has exhausted all administrative remedies.

48.     Plaintiff has suffered irreparable injury.

49.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant Chamberlain CON engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.  That this Honorable Court find that Plaintiff was improperly terminated from her position;

b.  That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

c.  That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

d.  That this Honorable Court award Plaintiff front and back pay;

e.  That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

8

    f.   That this Honorable Court award Plaintiff punitive damages;

    g.   That this Honorable Court award pre-judgment interests and costs;

    h.   That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

    i.   That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF THE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621**
**AGAINST DEFENDANTS CHAMBERLAIN CON, ADTALEM, & DEVRY**

1-48.   Plaintiff restates and realleges paragraphs 1-48 above, as if fully set forth herein.

50.   Plaintiff is 58 years of age.

51.   Throughout her time at Chamberlain CON, Plaintiff performed her job satisfactorily, Defendants' contrary allegations notwithstanding, despite exclusion from training equivalent to her non-African-American peers.

52.   The Plaintiff was qualified for the position and remains qualified for the position of Associate Professor.

53.   Through the actions alleged hereinabove, Plaintiff was evaluated disparately, disciplined more severely, and was treated less favorably than younger, similarly-situated employees, including, but not limited to, the following:

    a.   Plaintiff was harassed by and given false negative, pretextual evaluations from her supervisors;

    b.   Plaintiff was reprimanded for not working on holidays that are sanctioned by the University;

    c.  Plaintiff's complaints of harassment and discrimination were improperly investigated and ignored;

    d.  Plaintiff was not given the academic support and training that similarly situated staff members under 40 received;

    e.  Plaintiff was highly scrutinized in a manner dissimilar to faculty under the age of 40;

    f.  Plaintiff was placed on a PIP, which lacked merit;

    g.  Plaintiff was also required to come to campus on the weekend at six in the morning to lead a workshop. No other teachers had the same requirements.

    h.  Plaintiff used Chamberlain CON supplied resources for examinations and was reprimanded for doing so when it is expected of other teachers.

    i.  Colleagues under 40 who did not engage in protected activity, were treated more favorably than Plaintiff;

    j.  Upon information and belief, the faculty member that replaced Plaintiff is younger and under the age of 40; and,

    k.  Plaintiff was terminated by Chamberlain CON.

54.    On information and belief Plaintiff's successor was under 40, Caucasian, and less qualified than the Plaintiff.

55.    All actions took place on Chamberlain CON's campus located in the County of Cook, State of Illinois.

56.    Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

57.    Plaintiff has been discriminated against as a result of her age

58.     As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, monetary loss, reputational loss, and the destruction of opportunities for advancement in academia.

59.     Plaintiff has exhausted all administrative remedies

60.     Plaintiff has suffered irreparable injury.

61.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

    a.   That this Honorable Court find that Plaintiff was improperly terminated from her position;

    b.   That this Honorable Court issue an injunction against Defendants to prevent Defendants from engaging in further acts of intentional discrimination against Plaintiff on the basis of age;

    c.   That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

    d.   That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

    e.   That this Honorable Court award Plaintiff front and back pay;

    f.   That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

    g.   That this Honorable Court award Plaintiff liquidated damages;

11

h. That this Honorable Court award pre-judgment interests and costs;

i. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

j. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT III**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. § 12101, *et seq.***
**AGAINST DEFENDANTS CHAMBERLAIN CON, ADTALEM, & DEVRY**

1-60. Plaintiff restates and realleges paragraphs 1-60 above, as if fully set forth herein.

62. Plaintiff is an African American female, age 58.

63. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of 42 U.S.C. §12102.

64. The Plaintiff was qualified for the position, remains qualified for the position of Associate Professor, and with reasonable accommodations can perform all essential functions of the job.

65. Plaintiff's supervisors knew that she had sleep apnea which caused extreme drowsiness and breathing problems. Plaintiff also had asthma which prevents her from walking and standing for long periods of time and also makes her prone to heat exhaustion.

66. Through the actions alleged hereinabove, Plaintiff was evaluated disparately, disciplined more severely, and was treated less favorably than younger, similarly-situated employees, including, but not limited to, the following:

a. During the summer of 2016, Plaintiff was expected to attend an event at Navy Pier. However, no one told her there were longs periods of walking and standing. Due to a life threatening asthma attack, Plaintiff had to leave the

12

event.

b.  Plaintiff was not able to participate in graduation due to her disability, for which she was negatively evaluated.

c.  Plaintiff was given false negative and pretextual evaluations from her supervisors, Susan King and Mary Hannan;

d.  Plaintiff's complaints of harassment and discrimination were improperly investigated and ignored;

e.  Plaintiff was also required to come to campus on the weekend at six in the morning to lead a workshop. No other teachers had the same requirements.

f.  Plaintiff was reprimanded for not working on holidays that are sanctioned by the University;

g.  Plaintiff was highly scrutinized in a manner dissimilar to similarly-situated non-disabled faculty; and,

h.  Plaintiff was terminated by Chamberlain CON.

67.  All of the Defendants' actions took place on Chamberlain CON's campus located in the County of Cook, State of Illinois.

68.  Through the actions alleged hereinabove, Plaintiff was disparately treated, was disciplined more severely, and was treated less favorably than similarly-situated employees without disabilities.

69.  Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

70.  Plaintiff has been discriminated against as a result of her disability, sleep apnea and asthma.

71.  As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff

suffered humiliation, monetary loss, reputational loss, and the destruction of opportunities for advancement in academia.

72.     Plaintiff has exhausted all administrative remedies.

73.     Plaintiff has suffered irreparable injury.

74.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

      a.   That this Honorable Court find that Plaintiff was improperly terminated from her position;

      b.   That this Honorable Court issue an injunction against the Defendants to prevent Defendants from engaging in further acts of intentional discrimination against Plaintiff on the basis of her disabilities;

      c.   That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

      d.   That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

      e.   That this Honorable Court award Plaintiff front and back pay;

      f.   That this Honorable Court award Plaintiff punitive damages;

      g.   That this Honorable Court award pre-judgment interests and costs;

      h.   That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

      i.   That this Honorable Court award such other and further relief as it may deem

just and equitable.

## COUNT IV
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000e, *et seq.*
## AGAINST DEFENDANTS CHAMBERLAIN CON, ADTALEM, & DEVRY

1-73.   Plaintiff restates and realleges paragraphs 1-73 above, as if fully set forth herein.

75.   On February 26, 2016, Plaintiff complained to Human Resources about the discriminatory treatment she was facing.

76.   Thereafter, Plaintiff was moved to a problem-filled facility that failed to comply with standards and regulations. Additionally, Defendants failed to provide Plaintiff with any training and staff in her new role. This move was a result of retaliation.

77.   Despite not receiving equivalent training, and despite the lack of physical support, Plaintiff succeeded in her position and provided quality education to her students.

78.   Defendant Chamberlain CON improperly evaluated Plaintiff based mostly on the comments of four disgruntled students in a class containing more than fifty students.

79.   Plaintiff was also required to come to campus on the weekend at six in the morning to lead a workshop. No other teachers had the same requirements.

80.   Plaintiff used Chamberlain CON supplied resources for examinations and was reprimanded for doing so when it is expected of other teachers.

81.   On June 9, 2017 Yvonne Foston, then Dean of Academic Affairs, placed Plaintiff on a Performance Improvement Plan (PIP). In the PIP, Plaintiff was singled out and penalized for not completing tasks that Professors do not have to do and tasks that other Professors are not expected to do. The PIP was a pretext for discrimination and retaliation.

82.   Plaintiff was ultimately terminated from her position with Chamberlain CON, Adtalem,

15

and DeVry.

83.    The hereinabove conduct of Defendants was in retaliation for Plaintiff's complaints of unlawful discrimination.

84.    Similarly-situated individuals, who did not engage in protected activity, were treated more favorably than Plaintiff.

85.    All of the Defendants' actions took place on Chamberlain CON's campus located in the County of Cook, State of Illinois.

86.    Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

87.    As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff suffered humiliation, monetary loss, reputational loss, and the destruction of opportunities for advancement in academia.

88.    Plaintiff has exhausted all administrative remedies.

89.    Plaintiff has suffered irreparable injury.

90.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that the Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

      a.    That this Honorable Court find that Plaintiff was improperly terminated from her position;

      b.    That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

      c.    That this Honorable Court issue an injunction against the Defendants to compel

them to reinstate Plaintiff to her position;

d. That this Honorable Court award Plaintiff front and back pay;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

f. That this Honorable Court award Plaintiff punitive damages;

g. That this Honorable Court award pre-judgment interests and costs;

h. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

i. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT V**
**RETALIATION IN VIOLATION OF THE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621**
**AGAINST DEFENDANTS CHAMBERLAIN CON, ADTALEM, & DEVRY**

1-89.   Plaintiff restates and realleges paragraphs 1-89 above, as if fully set forth herein.

91.   On February 26, 2016, Plaintiff complained to Human Resources about the discriminatory treatment she was facing.

92.   Thereafter, Plaintiff was moved to a problem filled-facility that failed to comply with standards and regulations. This transfer was to put Plaintiff in a position of failure, constituting retaliation.

93.   Defendant Chamberlain CON improperly evaluated Plaintiff's performance based on the complaints of a few disgruntled students. The Defendants failed to share with Plaintiff the complaints on which her performance evaluation was purportedly based on.

94.     Plaintiff was also required to come to school on the weekend at six in the morning to lead a workshop. No other teachers had the same requirements and when the Plaintiff arrived at school, the entrance doors were locked.

95.     Plaintiff was denied additional training and additional staff support in a department that notoriously could not meet implemented standards.

96.     Plaintiff used school resources for examinations and was reprimanded for doing so when it is expected of other teachers.

97.     Plaintiff was penalized for being unable to participate in school activities due to her disability.

98.     On June 9, 2017 Yvonne Foston, then Dean of Academic Affairs, placed Plaintiff on a Performance Improvement Plan (PIP). In the PIP, Plaintiff was singled out and penalized for not completing tasks that Professors do not have to do and tasks that other Professors are not expected to do. The PIP is misleading.

99.     Plaintiff was ultimately terminated from her position.

100.    The hereinabove conduct of Defendants was in retaliation for Plaintiff's complaints of unlawful discrimination.

101.    Similarly-situated individuals who did not engage in protected activity were treated more favorably than Plaintiff.

102.    Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

103.    All of the Defendants' actions took place on Chamberlain CON's campus located in the County of Cook, State of Illinois.

104.    As a direct and proximate result of the Defendants' discriminatory treatment, Plaintiff

suffered humiliation, monetary loss, reputational loss, and the destruction of opportunities for advancement in academia.

105.    Plaintiff has exhausted all administrative remedies.

106.    Plaintiff has suffered irreparable injury.

107.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that the Defendants engaged in retaliatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

a.    That this Honorable Court find that Plaintiff was improperly terminated from her position;

b.    That this Honorable Court order any and all negative information expunged from Plaintiff's personnel file;

c.    That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

d.    That this Honorable Court award Plaintiff front and back pay;

e.    That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

f.    That this Honorable Court award pre-judgment interests and costs;

g.    That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

h.    That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT VI
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
## AGAINST DEFENDANTS HANNAN AND KING

1-106.  Plaintiff restates and realleges paragraphs 1-106 above, as if fully set forth herein.

108.    As an employee meeting her required expectations, Plaintiff had an enforceable expectation of continued employment.

109.    Plaintiff was improperly terminated due to discriminatory and pretextual reasons.

110.    On information and belief, Defendants King and Hannan effectively precluded Plaintiff from continuing and successfully completing the program, pursuant to her contract with DeVry.

111.    Defendants Hannan and King willfully, intentionally, and unjustifiably impeded Plaintiff's duties at Chamberlain CON by continually issuing false and misrepresentative evaluations with respect to Plaintiff, and by subjecting Plaintiff to undue harassment and discrimination.

112.    As a result of the inducement of Defendants Hannan and King, Plaintiff was effectively terminated from her position at Chamberlain CON, suffering economic loss, advancement, and a slight to her professional image.

113.    With actual malice, Defendants Hannan and King intentionally and unjustifiably induced Plaintiff's removal from Chamberlain CON, acted in their own self-interests, outside the scope of their agency relationship with Chamberlain CON, and contrary to the interests of Chamberlain CON.

114.    Defendants Hannan and King acted with malice to overcome any existing privilege to act on behalf of Chamberlain CON, and to interfere with the contract between DeVry and Plaintiff, and to interfere with Plaintiff's contractual rights.

115.    Defendants Hannan and King engaged in conduct completely unrelated to the interests of Chamberlain CON, which gave rise to their right to act on behalf of Chamberlain CON.

20

116. All of the Defendants' actions took place on Chamberlain CON's campus located in the County of Cook, State of Illinois.

117. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered ill health, sustained physical injury, pain, suffering, humiliation, loss of income, monetary loss, reputational loss, and the destruction of opportunities for advancement in the nursing profession.

118. Plaintiff has suffered irreparable injury.

119. Plaintiff has no adequate remedy at law.

120. WHEREFORE, the Plaintiff respectfully requests that this Honorable Court find that Defendants Hannan and King engaged in tortious interference, and enter a judgment making the following findings and granting the following relief:

a. That this Honorable Court order any and all negative evaluations expunged from Plaintiff's employee file;

b. That this Honorable Court award Plaintiff reinstatement to Chamberlain CON;

c. That this Honorable Court award pre-judgment interest and costs;

d. That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's rights;

e. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the actions of Defendants Hannan and King;

f. That this Honorable Court award such other and further relief as it may deem just and equitable.

**COUNT VII**
**VIOLATION OF 42 U.S.C. § 1981**
**Against All Defendants**

21

1-119.  Plaintiff repeats and realleges paragraphs 1-119 above, as if fully set forth herein.

121.    Plaintiff and Defendants Chamberlain CON and DeVry were parties to an employment contract, material terms of which are set forth in the Faculty Handbook and in the Plaintiff's executed employment contract. (The Faculty Handbook is attached as Exhibit C.)

122.    As more fully set forth above, Defendants Chamberlain CON, DeVry, Susan King, and Mary Hannan engaged in intentional discrimination and retaliation against Plaintiff in its performance of said contract, because she is African-American female over the age of 40.

123.    Defendants terminated Plaintiff's employment contract and terminated her employment based on pretextual evaluations.

124.    Defendants did not equally treat similarly-situated employees who were not African-Americans in the performance of their employment contracts.

125.    Through the actions set forth more fully above, Defendants acted intentionally, willfully, and/or with reckless and callous indifference to Plaintiff's federally protected rights.

126.    All of the Defendants' actions took place on Chamberlain CON's campus located in the County of Cook, State of Illinois.

127.    As a direct and proximate result of Defendants' discriminatory treatment, Plaintiff experienced pain, suffering, humiliation, loss of income, other monetary loss, reputational loss, and the destruction of an academic career.

128.    Plaintiff has suffered irreparable injury.

129.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendants engaged in discriminatory conduct against Plaintiff, and enter a judgment making the following findings and granting the following relief:

a. That this Honorable Court order any and all negative evaluations expunged from Plaintiff's personnel file;

b. That this Honorable Court issue an injunction against Defendants to compel them to reinstate Plaintiff to her position;

c. That this Honorable Court award Plaintiff front and back pay;

d. That this Honorable Court award pre-judgment interest and costs;

e. That this Honorable Court award punitive damages to Plaintiff for the intentional, willful, and deliberate disregard for Plaintiff's federally protected rights;

f. That this Honorable Court award Plaintiff money reasonably calculated to compensate her for all monetary damages sustained as a result of the discrimination by Defendants;

g. That this Honorable Court award reasonable attorney's fees and costs; and

h. That this Honorable Court award such other and further relief as it may deem just and equitable.


DATED:        April 13, 2018



                                        Respectfully Submitted,
                                        /s/ Elaine K.B. Siegel
                                        Elaine K.B. Siegel
                                        One of Plaintiff's Attorneys



OF COUNSEL:

Elaine K.B. Siegel
Mark D. Goldich
Aisha D. Shotande
ELAINE K.B. SIEGEL & ASSOCIATES, P.C.
53 West Jackson Boulevard, Suite 405

Chicago, Illinois 60604
(312) 583-9970