**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALBERTINA DONALDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02697 |
| | ) | |
| CHAMBERLAIN COLLEGE OF NURSING; | ) | Judge: Honorable Charles Norgle |
| DEVRY EDUCATION GROUP; ADTALEM | ) | Magistrate: Honorable Daniel G. Martin |
| GLOBAL EDUCATION INC.; SUSAN | ) | |
| KING, in her individual capacity, and MARY | ) | |
| HANNAN, in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, ADTALEM GLOBAL EDUCATION INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

Defendants SUSAN KING ("Ms. King"), in her individual capacity, and MARY

HANNAN ("Ms. Hannan"), in her individual capacity (Ms. King and Ms. Hannan are

collectively, the "Defendants"), through their undersigned counsel, hereby move to dismiss

Count VI of the Complaint filed by Plaintiff, Albertina Donaldson ("Ms. Donaldson"). In

support of its motion, Defendants state as follows:

**BACKGROUND**

Ms. Donaldson filed her Complaint seeking relief for alleged race, age, and disability

discrimination, as well as a common law claim under Illinois law for alleged tortious interference

with prospective economic advantage. To support her tortious interference claim, she asserts

that she had an enforceable expectation of continued employment based on her own assessment

that she was performing satisfactorily, though she concedes that she received multiple poor

performance reviews during her employment. According to Count VI of the Complaint, when

evaluating Ms. Donaldson's poor performance, Ms. King and Ms. Hannan each supposedly acted with malice and against the interests of Chamberlain College of Nursing ("Chamberlain"), with whom all three (3) were employed at the time of the purported interference.

Notwithstanding the falsity of the allegations, Ms. Donaldson's conclusory assertions in Count VI fail to support her claim that either individual tortiously interfered with her employment relationship. Indeed, she fails to show that she had a reasonable expectancy of continued employment. And, even if such an expectancy existed, Ms. Donaldson's Complaint contains no facts showing that either Ms. King or Ms. Hannan acted in her own self-interest or that either took actions that were otherwise injurious to Chamberlain. Accordingly, Count VI should be dismissed.

## **ARGUMENT**

### I.    **Standard on Motion to Dismiss.**

Consistent with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint (or any count thereof) fails "to state a claim upon which relief can be granted," it should be dismissed (in whole or in part, as applicable). Fed. R. Civ. P. 12(b)(6).

While Rule 8 "does not require 'detailed factual allegations,'" the Rule does demand that a complaint contain allegations that amount to "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, if a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Goswami v. DePaul Univ.*, No. 12 C 7167, 2014 WL 125600, at *1 (N.D. Ill. Jan. 14, 2014) (citation omitted). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility "requires more than a mere possibility that the claim is valid; something akin to a non-eligible probability is required, although plausibility does not equate to the preponderance standard that applies at trial." *Goswami*, 2014 WL 125600, at *1 (N.D. Ill. Jan. 14, 2014) (citing *Brooks v. Pactiv Corp.,* 729 F.3d 758, 763 (7th Cir. 2013)). And, "factual allegations must be enough to raise a right to relief above the speculative level, that is, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." *Artunduaga v. University of Chicago Medical Center*, No. 12 C 8733, 2013 WL 2151685 (N.D. Ill. May 16, 2013).

In light of the standards articulated above, Count VI of Ms. Donaldson's Complaint fails to plausibly allege that either Ms. King or Ms. Hannan tortiously interfered with her employment relationship with Chamberlain, and thus is subject to dismissal.

## II. Ms. Donaldson Cannot State a Claim Against Ms. King and Ms. Hannan for Tortious Interference With Prospective Economic Advantage Based on Her Employment Relationship with Chamberlain.

Ms. Donaldson declares that Ms. King and Ms. Hannan each acted in a manner that "precluded [her] from continuing and successfully completing the program, pursuant to her

contract with DeVry." However, Illinois law requires that a plaintiff plead (and ultimately prove) the following elements to state a claim for tortious interference with prospective economic advantage: (i) "a reasonable expectancy of entering into a valid business relationship"; (ii) "the defendant's knowledge of the expectancy"; (iii) "an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy"; and (iv) "damage to the plaintiff resulting from the defendant's interference." *Foster v. Principal Life Ins. Co.*, 806 F.3d 967, 971 (7th Cir. 2015) (citing *Voyles v. Sandia Mortgage Co.*, 196 Ill. 2d 288 (2001)); *Torres v. All Town Bus Services, Inc.*, 1-10-1853, 2011 WL 10069610, at *6 (Ill. App. Ct. 1st Dist. Mar. 25, 2011) (citing *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 406, 667 N.E.2d 1296, 1299 (1996)). Ms. Donaldson's allegations in the Complaint fail to provide sufficient notice to Defendants regarding the manner in which either of them engaged in unlawful interference with the employment relationship that she had with Chamberlain.

As a threshold matter, aside from drawing her own conclusions, Ms. Donaldson does not plausibly allege in her Complaint that she had a reasonable expectation of continued employment with Chamberlain. Indeed, while she vehemently disagrees with the content of her performance reviews, Ms. Donaldson concedes that she received poor performance reviews, as well as various forms of counseling for her poor performance, throughout her employment with Chamberlain. *See* (Compl. ¶¶ 28, 32, 42, 53, 66, 81, 98.) Unlike most plaintiffs who allege tortious interference with their employment relationship, Ms. Donaldson does not – and cannot – allege that she previously received positive reviews that suddenly changed. *See, e.g.*, *Sroga v. Preckwinkle*, No. 14 C 06594, 2017 WL 345549, at *10 (N.D. Ill. Jan. 24, 2017) (noting that the plaintiff was never disciplined by his employer or otherwise counseled for his performance prior to the termination of his employment); *Goswami*, 2014 WL 125600, at *1 (N.D. Ill. Jan. 14,

2014) (allegations that university professor's reviews had been positive throughout her employment with the university); *James v. Intercontinental Hotels Group Resources, Inc.*, No. 09-cv-781, 2010 WL 529444, at *2 (N.D. Ill. Feb. 10, 2010) (noting that the plaintiff alleged that she had an exemplary performance record, consistently received positive performance evaluations, was promoted to an executive level position, and had worked for the employer for nearly ten (10) years before being demoted for alleged misconduct).

Moreover, Ms. Donaldson has not *shown* that Ms. King and Ms. Hannan are third parties to her employment relationship with Chamberlain. Indeed, Illinois law provides that an employer generally cannot interfere with its own business relationship with its employees. *Frierson v. Univ. of Chicago*, 2015 IL App (1st) 151176-U, ¶ 15 (Dec. 2 2015) (citing *Vickers v. Abbott Laboratories,* 308 Ill. App. 3d 393, 411 (1999)); *Quist v. Bd. of Trustees of Cmty. Coll. Dist. No. 525*, 258 Ill. App. 3d 814, 821, 629 N.E.2d 807, 812 (3d Dist. 1994). An exception to this general rule exists for circumstances where a corporate officer acts maliciously and outside of the corporation's interest. *Frierson*, 2015 IL App (1st) 151176-U, ¶ 16.

Other than asserting in conclusory fashion that Ms. King and Ms. Hannan each acted "with actual malice" when evaluating her poor job performance, the Complaint contains no facts that *show* that either Ms. King or Ms. Hannan acted outside of their roles as Ms. Donaldson's supervisors. Except for the "labels and conclusions" in Count VI, the Complaint otherwise contains allegations that Ms. King and Ms. Hannan took all alleged actions in the context of their roles as Ms. Donaldson's supervisors, which made them responsible for managing her performance. *See* (Compl. ¶¶ 42, 53, 66.) For instance, in *Robertson v. Lofton*, No. 13 C 3205, 2013 WL 5796780, at *6 (N.D. Ill. Oct. 25, 2013), the court dismissed a tortious interference claim against an individual defendant where the allegations failed to plausibly show that she did

not act on her employer's behalf when transmitting negative performance information that ultimately led to the termination of the plaintiff's employment. Similarly, in *Cashen v. Integrated Portfolio Mgmt., Inc.*, 08-CV-268, 2008 WL 4976210, at *4 (N.D. Ill. Nov. 20, 2008), the court dismissed a tortious interference claim where the complaint lacked allegations sufficient to show the individual defendant's self-interest, intent to harm, or that any conduct by the individual defendant was injurious to the company. *Id.* at *4-5. *Cf. Dickieson v. DER Travel Serv., Inc.*, 149 F. Supp. 2d 1011, 1017 (N.D. Ill. 2001) (permitting claim of tortious interference where employee specifically alleged the manner in which the individual defendant acted in his self-interest by including the alleged reasons for such actions). As such, dismissal of Count VI is appropriate, as Ms. Donaldson's Complaint fails to ***show*** that Ms. King or Ms. Hannan took any actions taken for any personal benefit. Indeed, in *Frierson*, the court observed that the employee's allegations were mere griped with her employer's assessment of her performance, which fails to support an actionable claim of tortious interference. *Id.* at ¶ 17. Count VI of the Complaint is no different, and thus, is subject to dismissal.

## III.  <u>Conclusion.</u>

For each of the foregoing reasons, Count VI of Plaintiff's Complaint fails to meet Illinois' legal standards for a claim of tortious interference with prospective economic advantage. Therefore, Count VI of the Complaint should be dismissed.

WHEREFORE, Defendants Susan King and Mary Hannan respectfully request that this Court enter an order (i) granting their Motion to Dismiss; (ii) dismissing Count VI of Plaintiff's Complaint; and (iii) awarding Ms. King and Ms. Hannan any further relief that it deems just and reasonable.

45843366;1

Dated:   July 30, 2018                              Respectfully submitted,


                                           By:  _____/s/ Jamel A.R. Greer_____
                                                    One of Defendants' Attorneys


**AKERMAN LLP**
Michael C. Marsh
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
michael.marsh@akerman.com
305-374-5600

Jamel Greer
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
jamel.greer@akerman.com
312-634-5700

Shayla N. Waldon
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, Florida 33401
shayla.waldon@akerman.com
561-653-5000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that she caused the foregoing Motion To Dismiss

Count VI of Plaintiff's Complaint to be served upon the following counsel of through the Court's

ECF System:

>
> Elaine K.B. Siegel
> Mark D. Goldich
> Aisha D. Shotande
> 53 West Jackson Blvd., Suite 405
> Chicago, IL  60604


                                /s/ Jamel A.R. Greer
                                Jamel A.R. Greer